HOCOTT v. DOUGAN.

Opinion delivered July 7, 1930.

*Beaumont & Beaumont,* for appellant.

SMITH, J. This suit was brought by appellee to recover damages for the breach of a contract evidenced by the following writing:

"December 14, 1928.

"To—Mr. Joe Hocott.

"To whom it may concern:

"This is to certify, that I, Ted Dougan, agree to furnish my (8) piece orchestra in Helena, Ark., for (5) nights, Dec. 24, 25, 27, 29, 31 resp., for the sum of $515 and furnish all transportation and expenses.

"Money to be received by me when above party receives same from employer.

"Ted Dougan
"Orchestra.
"Joe Hocott,
"Slick Hurt "Manager.
"Witness."

The contentions of the parties to this contract in regard to this purpose and interpretation is stated in the instruction under which the case was submitted to the jury, which reads as follows:

"1. Gentlemen of the jury, this is a suit by Ted Dougan, as plaintiff, against Joe Hocott, as defendant.

The plaintiff claims that he made a contract with the defendant in writing by the terms of which he, the plaintiff, was to furnish his band to perform services at Helena and that after the contract was made the defendant called him and canceled the contract without his assent. The defendant claims that he did not make a contract but that the instrument they signed was a mere negotiation which would lead to a contract if he secured the employment at Helena.

"Now, gentlemen, if you find from a preponderance of the testimony that the instrument the parties signed was in fact a completed contract, and further that it was not canceled by mutual consent, then you will find for the plaintiff. If you find, on the other hand, that the instrument they signed was not a contract but a negotiation which would ultimately lead to a contract if the employment was secured, in that event you will find for the defendant; or if you find that it was a completed contract but that when defendant notified plaintiff that the employment had not been secured in Helena and the plaintiff assented to that, then in that event you will find for the defendant. Now, if you find for the plaintiff, you will find for him in such sum as you find to be due him less the expenses to Helena and less the amount you find he earned with his band, during the period which he would have earned in Helena had he gone there."

As appears from this instruction, appellee is the leader of an orchestra. It consists of eight instruments, including the one which he played himself. He testified that the above writing evidenced a contract which he made with appellant, and that in order to fill the engagement he canceled another which he had to play at the banquet of the Arkansas Sheriffs' Association on the night of December 26, for which service he would have received $125. Appellee also testified that appellant did not notify him that the engagement at Helena could not be filled until December 22d, and he was thereafter able to secure only one other engagement for his orchestra

during the holidays, although he did earn $20 by playing in another orchestra.

Appellant's testimony was to the effect that he did not employ appellee to play at Helena, but that he was acting in the capacity of a booking agent to secure engagements for appellee's orchestra. That he endeavored to secure the contemplated engagement at Helena, but was unsuccessful in doing so, and that in this attempt he was acting as appellant's agent, and the writing set out above was intended only to evidence the terms upon which he might accept an engagement for appellee's orchestra to play at Helena on the dates named in the writing.

The instruction set out above correctly submitted this issue of fact to the jury, and the finding for appellee is conclusive of that question.

The instruction also correctly submitted to the jury the proper measure of damages. There is a conflict in the testimony as to the expenses which would have been incurred in the performance of the contract, but we think the testimony on appellee's behalf was sufficient to support a finding that the net loss sustained was as much as $336.20, for which amount a verdict was returned and judgment rendered.

It is insisted that the contract, if there was one, is void as being without consideration. But this is not true if appellee's version of the transaction is accepted, as the jury evidently must have done. Appellee agreed to furnish an eight-piece orchestra for five nights for $515, out of which he was to pay all transportation and expenses, and he testified that he was ready, willing and able to perform the contract.

There appears to be no error, and the judgment must be affirmed, and it is so ordered.